DA 13-0473

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 43N

IN THE MATTER OF:

S.K.,

      Youth in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDN-12-136
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Carl B. Jensen, Attorney at Law, Great Falls, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General, Helena, Montana

          Theresa L. Diekhans, Assistant Attorney General, Great Falls, Montana

Submitted on Briefs: January 29, 2014

Decided: February 18, 2014

Filed:

_____

Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 J.J. (Mother) appeals an order of the Eighth Judicial District Court terminating her parental rights and granting the Montana Department of Public Health and Human Services (DPHHS) permanent legal custody of her son, S.K. The sole issue raised on appeal is whether Mother should have been given additional time to complete a treatment plan in order to reunite her with S.K. We affirm.

¶3 On September 18, 2012, DPHHS filed a petition for emergency protective services, adjudication as a youth in need of care, and temporary legal custody, alleging that S.K. was abused or neglected or in danger of being abused or neglected because his parents exposed him to methamphetamine. The District Court issued an order to show cause and granted the petition for emergency protective services on September 24, 2012. A supplemental affidavit indicated that a hair sample taken from S.K. tested positive for methamphetamine and amphetamine.

¶4 The court ordered a treatment plan for Mother on October 10, 2012. After the treatment plan was ordered, Mother was arrested and indicted on federal drug charges. She later pleaded guilty and was sentenced on March 12, 2013, by a federal court in Montana to 44 months' imprisonment.

2

¶5     On April 1, 2013, DPHHS filed a petition for permanent legal custody and termination of Mother's parental rights. A contested hearing on the petition was held on May 28, 2013. The court issued its order on the petition on June 24, 2013, ordering the termination of Mother's parental rights pursuant to § 41-3-609(1)(f), MCA, and § 41-3-609(4)(c), MCA.

¶6     We review a decision to terminate parental rights for abuse of discretion. *In re D.B.*, 2008 MT 272, ¶ 13, 345 Mont. 225, 190 P.3d 1072. We review a court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. *In re T.S.*, 2013 MT 274, ¶ 21, 372 Mont. 79, 310 P.3d 538. We will not disturb a district court's decision on appeal unless "there is a mistake of law or a finding of fact not supported by substantial evidence that would amount to a clear abuse of discretion." *In re T.S.*, ¶ 21 (quoting *In re D.B.*, ¶ 17).

¶7     In a case such as this, which does not involve an Indian child, a district court may terminate the parent-child legal relationship if it finds by clear and convincing evidence that:

> (f) the child is an adjudicated youth in need of care and both of the following exist:
> (i) an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and
> (ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time.

Section 41-3-609(1), MCA.

¶8     S.K. was adjudicated as a youth in need of care in an order filed on October 10, 2012. Mother does not challenge the adjudication. It is undisputed that Mother failed to

3

comply with the treatment plan due to her incarceration. The court determined that the conduct or condition rendering Mother unfit is unlikely to change within a reasonable time. The court considered whether the "present judicially ordered long-term confinement of the parent" rendered her "unfit, unable, or unwilling to give the child adequate parental care" in making its determination that the conduct or condition rendering Mother unfit was unlikely to change. Section 41-3-609(2), MCA.

¶9 The court further concluded that, although Mother had not complied with a court-ordered treatment plan, "[a] treatment plan was not necessary in any event pursuant to [§ 41-3-609(4)(c), MCA,]" because "the Mother's incarceration is more than one year and reunification is not in the child's best interests . . . ." The court reasoned, "The physical, mental and emotional needs of this two year-old child require placement and permanency within these 44 months."

¶10 Mother argues that termination of her parental rights was improper because she "would be able to parent the child in the reasonably foreseeable future and it was not in the child's best interests to terminate the mother's rights." She contends that she could have completed her treatment plan if given additional time. She testified that she anticipated serving approximately thirteen more months of her sentence based in part on completion of a treatment program. She maintained that S.K.'s interest in permanency would be met because of her anticipated early release.

¶11 The District Court was not persuaded by her arguments, given the absence of objective support for her testimony. The court found that nothing guaranteed Mother's success in completing a treatment program. Also, contrary to Mother's assertion that she

4

may be released early for completing a treatment program, the court noted that her sentencing order clearly stated that completion of the program would "not reduce time in custody." The record supports the court's factual findings and it did not err in determining that clear and convincing evidence justified termination of Mother's parental rights.

¶12 Mother also argues for the first time on appeal that the State's expert was not properly qualified. To "preserve a claim or objection for appeal, an appellant must first raise that specific claim or objection in the district court." *In re T.E.*, 2002 MT 195, ¶ 20, 311 Mont. 148, 54 P.3d 38. We decline to consider this issue.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial, credible evidence and are not clearly erroneous. The court correctly interpreted the applicable law and did not abuse its discretion in concluding that Mother's parental rights should be terminated.

¶14 Affirmed.

/S/ BETH BAKER

We concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

5